IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO SANCHEZ,<br><br>  Petitioner,<br><br>     vs.<br><br>UNITED STATES OF AMERICA,<br><br>  Respondent. | NO. CV-F-10-2039 OWW<br>(NO. CR-F-99-5103 OWW)<br><br>MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT FOR RESPONDENT |

On October 22, 2010, pursuant to the mailbox rule, Petitioner Fernando Sanchez, proceeding *in pro per*, filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

Petitioner was charged in No. CR-F-99-5064 with two counts of illegal entry into the United States and one count of being a deported alien found in the United States. Petitioner was charged in No. CR-F-99-5103 with conspiracy to distribute and possess with the intent to distribute methamphetamine, cocaine

1

and heroin and with possession of methamphetamine with the intent to distribute.  Petitioner pleaded guilty pursuant to a written Plea Agreement to being a deported alien found in the United States and to possession of methamphetamine with intent to distribute.  Petitioner was sentenced on May 1, 2006 to 121 months incarceration concurrent on these charges.  No appeal was filed.

On July 7, 2008, Petitioner filed a Section 2255 motion directed solely to his conviction and sentence in No. CR-F-99-5064, i.e., being a deported alien found in the United States. *See* Dockets for No. CR-F-99-5064 OWW and No. CV-F-08-967  Petitioner contended that he was denied the effective assistance of counsel because (1) "defense counsel misrepresented and misadvised the plea to defendant about the condition of his plea bargain when specifically enquired [sic] by defendant, in as much as counsel knew that defendant's whole behaviour [sic] and guilty plea was structured to avoid a plea agreement that would not result in a long sentence or prison time" and (2) defense counsel failed to argue for a downward departure as a consequence of Petitioner's status as a deportable alien.  Petitioner further asserted that he was entitled to a downward departure for post-conviction rehabilitation pursuant to U.S.S.G. § 5K2.19.  Because it appeared that Petitioner's Section 2255 motion was untimely, Petitioner, by Order filed on July 24, 2008, was ordered to file within 30 days an amended Section 2255 motion setting for the grounds upon which he sought relief and the facts upon which he

2

relied in contending that the motion was timely filed or that he was entitled to equitable tolling.  Petitioner was advised that failure to timely comply would result in the dismissal of his Section 2255 motion as untimely.  Petitioner did not comply with the Order and by Memorandum Decision and Order filed on September 9, 2008, Petitioner's Section 2255 motion was dismissed as untimely.  Judgment for Respondent was entered on September 17, 2008.  However, because the Clerk's Office did not enter Petitioner's address on the docket, Petitioner was not served with either of the Court's Orders until October 5, 2010.

In the instant motion, Petitioner asserts the following grounds:

>    (1) New constitutional law justifies a downward departure to the Sentencing Guidelines;
>
>    (2) The fast-track program permitting a four level reduction in the offense level for illegal aliens should have been applied at sentencing; and
>
>    (3) The Due Process and Equal Protection Clauses of the Fifth Amendment and the "Equal Rights" Act requires downward departure to the Sentencing Guidelines.

Section 2255 provides that a one-year period of limitation applies to a Section 2255 motion, which limitation period runs from the latest of:

>    (1) the date on which the judgment of conviction becomes final;
>
>    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the

|   |   |
|---|---|
| 1 | movant was prevented from making a motion by such governmental action; |
| 2 |   |
| 3 | (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or |
| 4 |   |
| 5 |   |
| 6 | (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. |
| 7 |   |

Applicable here is Section 2255(1). In *Calderon v. U.S. Dist. Court for Central Dist. of Cal.,* 128 F.3d 1283 (9th Cir.1997), *cert. denied*, 522 U.S. 1099 and 523 U.S. 1061 (1998), *overruled on other grounds*, 163 F.3d 530 (9th Cir.1998), the Ninth Circuit held that the one-year limitation period applicable to Section 2255 motions is subject to equitable tolling. However, the Ninth Circuit further held:

> Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a petitioner's control make it impossible to file a petition on time ... We have no doubt that district judge's will take seriously Congress's desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted.

*Id.* at 1288-1289.

As a general practice, the Court would require Petitioner to file an amended Section 2255 motion setting forth the grounds for relief and the specific facts upon which he relies in contending that the motion is timely filed or that Petitioner is entitled to equitable tolling. The Court does not follow that practice here

4

because, even if timely, Petitioner is not entitled to relief.

Petitioner pleaded guilty to possession of methamphetamine with intent to distribute, a conviction that carries a statutory mandatory minimum sentence of ten years (121 months). Petitioner also pleaded guilty to being a deported alien found in the United States, which carries a maximum sentence of twenty years. In the Plea Agreement, the United States agreed to recommend that the sentences for both convictions run concurrently, as opposed to consecutively. When Petitioner was sentenced in 2006, the Sentencing Guidelines were advisory pursuant to *United States v. Booker*, 543 U.S. 220 (2005). Nonetheless, except under specified circumstances not applicable here, the District Court has no discretion to depart below a statutory mandatory minimum sentence. *See United States v. Wipf*, 620 F.3d 1168 (9th Cir.2010); 18 U.S.C. § 3553(f). Although Petitioner's sentence for being a deported alien found in the United States was not subject to a mandatory minimum sentence, because Petitioner's sentence for that crime was imposed concurrently to the statutory mandatory minimum sentence of ten years (121 months), Petitioner's contentions that the Court could or should have departed downward on the grounds asserted by Petitioner are meaningless and do not entitle Petitioner to relief.

For the reasons stated:

1. Petitioner Fernando Sanchez's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is DENIED;

2. The Clerk of the Court is directed to enter **JUDGMENT FOR**

5

**RESPONDENT.**

IT IS SO ORDERED.

Dated: November 5, 2010        /s/ Oliver W. Wanger
UNITED STATES DISTRICT JUDGE